Filed 11/15/13  Estate of Schooler CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| Estate of ROWENA L. SCHOOLER, Deceased. | |
| | D062217 |
| GLORIA TRUMBLE et al., | |
| Petitioners and Respondents, | (Super. Ct. No. PN28646) |
| v. | |
| JANE SCHOOLER et al., | |
| Objectors and Appellants. | |

APPEAL from an order of the Superior Court of San Diego County, Richard G. Cline, Judge.  Affirmed in part and dismissed in part with sanctions.

Curran Law Firm, Michaela Curran and Richard Payne for Objectors and Appellants.

Law Offices of Daniel M. Little, Daniel M. Little, William H. Campbell; Law Office of Philip H. Dyson and Philip H. Dyson for Petitioners and Respondents.

This is the latest in a lengthy series of appellate proceedings initiated by the

appellants in which they have unsuccessfully challenged the probate court's adverse orders and judgments with respect to administration of their parents' trust and probate estates. This appeal has no merit whatsoever.

We have no power to consider the arguments appellants raise on the merits. Appellants' arguments are foreclosed both by appellants' failure to present a record that supports their contentions and by our disposition of a prior related appeal. As we explain, we must dismiss the appeal with respect to one of the orders appellants challenge and affirm the other orders that are the subject of this appeal.

Not only is it plain from the record that we have no power to consider the arguments appellants raise in their briefs, the arguments appellants attempt to raise herein are indistinguishable from the arguments they attempted to assert in the related appeal we recently dismissed. We dismissed that appeal for appellants' failure to file a timely brief. Here, in making arguments that are not supported by the record and that our prior orders preclude appellants from making, appellants and their counsel have made an unmistakable and bad faith attempt to avoid the impact of our prior orders.

Our prior orders were made for the purpose of not only securing justice between the parties herein but also as a necessary means of maintaining an orderly appellate process that protects the rights and interests of all the litigants who appear before us. We cannot countenance appellants' and counsel's obvious attempt to subvert our orders and our now final disposition of their prior appeal. Thus, we find this is an unusual instance where the imposition of substantial monetary sanctions on appellants and their counsel,

2

payable both to the respondents herein and the clerk of the court, are warranted.

FACTUAL AND PROCEDURAL BACKGROUND[1]

A. *Removal of Personal Representative and Trustee*

Rowena Schooler (Mother) died in 2004, several years after her husband's death. In trust and will documents, Mother left her assets (in equal value) to five of her grown children, Jane, Katherine, John, Andrew, and Louis (the latter three will be referred to as the "Brothers"). Jane and Katherine are appellants herein. Mother designated Jane, an attorney, as the successor trustee of Mother's two trusts (Trusts) and the personal representative of her estate. The property in the Trusts consisted primarily of numerous parcels of undeveloped land in California and Nevada. The main asset of Mother's estate was a residence in Del Mar, known as the Del Mar beach house.

Three years after Mother's death, Jane filed a petition seeking to close the estate and distribute the estate assets to one of the Trusts. The Brothers objected, challenging the estate accounting and alleging Jane breached her fiduciary duties in various ways. The Brothers also filed numerous safe harbor petitions, one of which was the subject of a prior appeal in which this court held the Brothers' objections to Jane's final account and their petition to remove and surcharge Jane for alleged breaches of fiduciary duty did not

_____

1      On our own motion, we take judicial notice of our prior opinions in this case, *Estate of Schooler* (Jan. 6, 2010, D053924) (nonpub. opn.) (*Schooler I*) and *Estate of Schooler* (Oct. 24, 2012, D060251) (nonpub. opn.) (*Schooler II*). Our description of the underlying factual and procedural background is based in substantial measure on matters set forth in those opinions as well as the record in this appeal. We grant appellants' January 23, 2013 and February 1, 2013 motions to augment the record. We also grant respondents John, Louis and Andrew Schooler's August 13, 2013 motion to augment.

constitute a contest under California law.

On June 23, 2011, the probate court concluded that for "good cause" it would remove Jane as trustee and personal representative on its own motion, citing Probate Code sections 8500, subdivision (b) and 15642, subdivision (a). The probate court noted that after six years of litigation between Jane and the Brothers, the parties' "'efforts'" to resolve the disputes "'have gone nowhere'" and it is "'obvious that this is a totally dysfunctional family.'"

Later, in more fully explaining its reasons for removing Jane as trustee and personal representative, the probate court stated: "'[There is] a strong inference . . . that Jane . . . has violated her fiduciary duty to exercise due diligence in the performance of her duties of carrying out the distributive provisions of the trust and estate. . . . [¶] . . . [¶] . . . The family is totally dysfunctional and unable to cooperate, and it appears that every act by one side appears to be opposed by the other, meaning the three brothers versus [Jane]. And the [Trusts and estate] face the potential of being overwhelmed by huge attorney fees and administrative claims related to the family dysfunction and controversy.

"[Additionally], [Jane] revealed at the recent hearing that she filed bankruptcy petitions for the family trust in order to prevent foreclosure upon out-of-state property. It was represented that these facts were not previously known to the brothers. . . . [¶] . . . [¶] . . . These bankruptcies give rise to a strong inference that Jane . . . has failed to perform her duties of preserving estate assets.

"Next item is Jane . . . as a fiduciary has actively resisted efforts by the brothers to

4

obtain information and records regarding her actions as fiduciary, and this gives rise to a strong inference that Jane Schooler has violated her duty of loyalty and to avoid a conflict of interest.

"Next there are assets of the respective estates that have ongoing expenses and potential revenue. And . . . there is a need for someone to manage these properties and to deal with whatever money or expenses there might be."

The probate court also made express findings that although Katherine was designated as a successor fiduciary in some of the estate and trust documents, she was not suitable to serve in that position. The probate court explained: "'[Katherine] is not represented by counsel, has never been represented by counsel [during the] six years of litigation. In spite of outstanding petitions to remove Jane Schooler as trustee and executrix, Katherine has not ever filed a petition [or] other pleading seeking the appointment upon a vacancy in office. And I note that the distribution of the trust assets to her contemplates that, I believe, her distribution is to be held in trust. And I also note that the controversy existing among the family is rather huge, complicated, and that the family, as a whole, is dysfunctional. [¶] And based on the foregoing, I find that Katherine would not be a suitable successor trustee or fiduciary . . . and there is an overwhelming need for an independent fiduciary.'"

With respect to a replacement trustee and personal representative, the probate court rejected the Brothers' counsel's request that one of the Brothers be appointed and found that none of the siblings was suitable to serve as trustee. The probate court decided

5

to appoint a neutral independent representative to serve both as the personal representative and as the trustee of the Trusts and ultimately the court selected a professional fiduciary, Gloria Trumble, as the successor trustee of the trusts and the personal representative of Mother's estate.

Jane filed an appeal from the orders removing her as trustee. In *Schooler II*, we affirmed the orders removing her as personal representative and trustee.

B. *Breach of Fiduciary Duty Judgment*

In 2011, following Jane's removal as personal representative and trustee and the appointment of Trumble, Jane and Katherine moved to disqualify the probate judge for bias. The probate judge denied their motions, and Jane challenged the orders denying their motions by way of a notice of appeal and separate petitions for writs of mandate. We dismissed Jane's appeal and summarily denied her petitions for extraordinary relief.

Jane and Katherine sought and were denied continuances of the trial of the Brothers' claims seeking to surcharge Jane for alleged acts of fraud and breach of fiduciary duty. Jane's counsel also unsuccessfully attempted to obtain from opposing counsel documents previously served on Jane when she represented herself. The day before the trial on the Brothers' claims, December 6, 2011, Jane substituted herself back in as her own attorney; however, Jane failed to appear at trial.

After the trial, on December 16, 2011, the probate court entered a judgment finding the Brothers had proved their breach of fiduciary duty and fraud claims. In its statement of decision, the probate court found Jane enriched herself to the detriment of

6

her siblings and caused substantial harm to her siblings and loss to both the trusts and the estate. The court set forth specific and detailed examples of Jane's wrongful conduct and misuse of her authority.

The court ordered Trumble to sell and dispose of assets, including the Del Mar beach house. The court further ordered that Jane be evicted from the Del Mar beach house and that the Brothers' attorney determine whether Jane's conduct should be reported to the state bar.

C. *Appeal No. D061206*

In January 2012, by way of separate notices of appeal in the estate action and in the two trust actions, Jane and Katherine appealed from the court's December 16 judgment, statement of decision and related orders. We consolidated those appeals in appeal No. D061206.[2]

D. *Motions for New Trial*

Notwithstanding the notices of appeal they filed, on January 9, 2012 and January 17, 2012, Jane and Katherine filed notices of intention to move for a new trial in the

2      On our own motion, we have taken judicial notice of our files in appeal Nos. D061206, D061207 and D061218.

     At oral argument, Katherine's counsel repeatedly suggested that Katherine was not served with the trial court's December 2011 judgment and did not appeal from that judgment. Following oral argument, we reviewed the records in D061206, D061207 and D061218, which show that in each of those cases Katherine personally signed a notice of appeal from the trial court's December 2011 judgment, statement of decision and related rulings. Our records also indicate that Katherine was served with the trial court's statement of decision. Given Katherine's signature on three notices of appeal from the December 2011 judgment, counsel's suggestions at oral argument were, to say the least, erroneous.

7

estate and trust cases. On March 2, 2012, Jane and Katherine filed their motions for a new trial but did not set them for hearing until May 24, 2012. On May 24, 2012, the trial court found that because the new trial motions were not heard until more than 90 days after Jane's and Katherine's respective notices of intention to move for a new trial were filed, the motions were denied by operation of law. (Code Civ. Proc., § 660.)

E. *Postjudgment Orders*

On April 25, 2012, the court entered orders directing that Jane cease representing to third parties that she was the personal representative of her mother's estate and the trustee of the two trusts and directing that Jane cease representing that the court's orders had been stayed. The order also confirmed the Del Mar beach house belongs to Mother's trust and is under Trumble's control.

On May 10, 2012, the court entered a further order rescinding a quitclaim deed Katherine had executed with respect to Riverside real property owned by a corporation, which in turn was owned by the family trust.

F. *Appeal No. D062217 Initiated/Appeal No. D061206 Dismissed*

On June 12, 2012, Jane and Katherine filed a notice of appeal from the April 25, 2012, May 10, 2012 and May 24, 2012 orders, which notice gave rise to the instant appeal, No. D062217.

1. Dismissal of D061206

Jane and Katherine did not file any brief in appeal No. D061206. As to Jane and Katherine, the appeal was dismissed on September 7, 2012 for failure to file an opening

8

brief and reinstated as to Jane only on September 18, 2012. As to Jane, the appeal was again dismissed on November 21, 2012 for failure to file an opening brief.

Of direct relevance to our disposition of this appeal and our notice with respect to sanctions, on December 6, 2012, Jane filed a second motion to reinstate her appeal in No. D061206, to which her counsel appended a proposed brief. The proposed brief attacked the probate court's rulings: requiring counsel to obtain documents from the Brothers' counsel, refusing to continue the trial on the Brothers' breach of fiduciary duty claims and denying Jane's and Katherine's motions to disqualify the trial court. Counsel argued these errors required a new trial of the Brothers' breach of fiduciary claims.

We denied Jane's motion to reinstate appeal No. D061206 on December 18, 2012.

The remittiturs on both Jane's and Katherine's dismissals in D061206 have issued.

2. Briefing in D062217

In the opening brief counsel filed on behalf of Jane and Katherine in this case, D062217, counsel largely repeats the arguments she made on Jane's behalf in the brief she proposed to file in D061206. Counsel again argues the probate court erred in: requiring counsel to obtain documents from the Brothers' counsel, refusing to continue the trial on the Brothers' breach of fiduciary duty claims and denying Jane's and Katherine's motions to disqualify the trial court. The issues raised on this appeal are, like the issues set forth in the proposed brief in D061206, directed solely at the proceedings that occurred prior to trial of the Brothers' breach of fiduciary duty claims.

Although the notice of appeal in this appeal included reference to the April 25,

9

2012 and May 10, 2012 orders, Jane and Katherine do not assert any error with respect to those rulings in their briefs.

DISCUSSION

I

The only issues Jane and Katherine raise at this point—pretrial access to documents from the Brothers' counsel, their requests to continue the trial, and their motions to disqualify the trial judge—are pertinent only with respect to their unsuccessful motions for a new trial. We have no power to reach those issues.

First, Jane and Katherine have failed to include in the record on appeal their motions for a new trial, any supporting documents, and any opposition to the motions filed by respondents.[3] The absence of Jane's and Katherine's moving papers and any opposition prevents us from conducting any meaningful review of the probate court's order denying the motions for a new trial. It is axiomatic that the "[f]ailure to provide an adequate record on an issue requires that the issue be resolved against [appellant]." (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.)

Second, even if we had an adequate record on appeal, Jane and Katherine may not appeal directly from the trial court's order denying their motions for a new trial. (*Fogo v. Cutter Laboratories, Inc.* (1977) 68 Cal.App.3d 744, 748-749.) Thus, we must dismiss their purported appeal from that order. (*Ibid.*)

---

[3]     By way of a motion to augment filed by Brothers after the parties' briefing on the merits was closed, which motion we have granted, Katherine's notice of intent to move for a new trial is now part of the record. However, no other supporting or opposing papers filed with respect to the motions for a new trial are part of the record.

Admittedly, an order denying a motion for new trial, although not appealable, is *reviewable* on appeal from the underlying judgment. (See *In re Marriage of Liu* (1987) 197 Cal.App.3d 143, 153, fn. 4.) Thus, we would have been able to review the issues Jane and Katherine raise and the trial court's failure to grant a new trial, in appeal No. D061206, Jane and Katherine's appeal from the December 16, 2011 judgment entered by the trial court. (*Ibid.*) However, as we have noted, Jane and Katherine's appeal from the underlying judgment, D061206, was itself dismissed for their failure to timely file briefs.

In short, we do not have an adequate record to consider the issues Jane and Katherine raise and, even if we had an adequate record, we nonetheless are required to dismiss Jane and Katherine's direct appeal from the order denying their motions for a new trial. Because we have previously dismissed their appeal from the underlying judgment, there is no pending appeal that permits us to reach the arguments they raise. We note that none of Jane and Katherine's arguments on the merits are directed to the April 25, 2012 and May 10, 2012 orders.

## II

As we noted at the outset, we have provided Jane, Katherine and their counsel with notice that we were considering imposing sanctions on them for prosecuting a frivolous appeal. (See *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 654 (*Flaherty*).)

A. *Legal Principles*

We recently set forth the principles governing imposition of sanctions on appeal in *Kleveland v. Siegel & Wolensky, LLP* (2013) 215 Cal.App.4th 534 (*Kleveland*): "[Code

11

of Civil Procedure[4]] [s]ection 907 provides, 'When it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just.' [California Rules of Court,] [r]ule 8.276(a) gives us the authority to 'impose sanctions . . . on a party or an attorney for:  [¶]  (1) Taking a frivolous appeal or appealing solely to cause delay. . . .'  In explaining these provisions, our Supreme Court has explained 'an appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—then any reasonable attorney would agree that the appeal is totally and completely without merit.' [Citation.]

"In determining whether an appeal indisputably has no merit, California cases have applied both subjective and objective standards.  The subjective standard looks to the motives of the appealing party and his or her attorney, while the objective standard looks at the merits of the appeal from a reasonable person's perspective. [Citation.] Whether the party or attorney acted in an honest belief there were grounds for appeal makes no difference if any reasonable person would agree the grounds for appeal were totally and completely devoid of merit.  [Citation.]

"The objective and subjective standards 'are often used together, with one providing evidence of the other.  Thus, the total lack of merit of an appeal is viewed as evidence that appellant must have intended it only for delay.' [Citation.]  An unsuccessful appeal, however, "'should not be penalized as frivolous if it presents a

---

4      All further statutory references are to the Code of Civil Procedure.

unique issue which is not indisputably without merit, or involves facts which are not amenable to easy analysis in terms of existing law, or makes a reasoned argument for the extension, modification, or reversal of existing law."' [Citation.]" (*Kleveland*, *supra*, 215 Cal.App.4th at pp. 556-557.)

When sanctions are warranted, in determining their amount, we consider """the amount of respondent's attorney fees on appeal; the amount of the judgment against appellant; the degree of objective frivolousness and delay; and the need for discouragement of like conduct in the future."' [Citations.]" (*Kleveland*, *supra*, 215 Cal.App.4th at p. 558.) However, "[r]espondent[s] . . . are not the only parties damaged when an appellant pursues a frivolous claim. Other appellate parties, many of whom wait years for a resolution of bona fide disputes, are prejudiced by the useless diversion of this court's attention. [Citation.] In the same vein, the appellate system and the taxpayers of this state are damaged by what amounts to a waste of this court's time and resources. [Citations.] Accordingly, an appropriate measure of sanctions should also compensate the government for its expense in processing, reviewing and deciding a frivolous appeal." (*Finnie v. Town of Tiburon* (1988) 199 Cal.App.3d 1, 17.)

B. *Analysis*

Although we recognize sanctions should be used sparingly to deter only the most egregious conduct (*Flaherty*, *supra*, 31 Cal.3d at pp. 649-650), they are fully warranted here.

Initially we note that, as we have discussed, we have no power to review the

arguments Jane and Katherine present in this appeal. That opportunity was foreclosed both by their failure to present an adequate record here and their failure to timely assert those arguments in appeal No. D061206.

We also note that, were we able to consider the merits of the argument Jane and Katherine assert, we would reject them: The probate court's direction that Jane and Katherine's counsel obtain from Jane documents previously served on Jane was not in any manner improper or burdensome. We note the record indicates that prior to the disputed direction from the probate court that counsel obtain the documents from her client, counsel for the Brothers attempted to resolve the issue by permitting Jane's counsel to copy the documents at the Brothers' counsel's office. Under these circumstances, the probate court's unwillingness to further assist counsel in obtaining previously served documents was entirely reasonable.

The record also shows that Jane and Katherine moved to continue the trial more than two months before the trial and then again shortly before the trial. Given the six-year length of proceedings, Jane's derelict administration of the trusts and the estate and both Jane's and Katherine's interference with Trumble's administration of the trusts and the estate, the court did not abuse its discretion in refusing to delay trial any further. (See *Freeman v. Sullivant* (2011) 192 Cal.App.4th 523, 527 [trial courts have broad discretion in deciding whether to grant continuance].)

Finally, as we have indicated, Jane and Katherine previously challenged the probate court's refusal to disqualify itself by way of unsuccessful writ petitions. Those

14

petitions were Jane's and Katherine's exclusive means of obtaining appellate review of the probate court's rulings. (§ 170.3; *People v. Panah* (2005) 35 Cal.4th 395, 444-445.)

However, our inability to reach the merits of the arguments asserted and the obvious lack of merit in those arguments do not by themselves require or permit sanctions. We would risk discouraging the vigorous advocacy that our adversary system of justice requires were we to punish the simple misapprehension of the rules and principles governing our review or the assertion of very weak arguments. Here, however, the record discloses more than simple misapprehension of appellate principles and weak arguments. The sequence of events preceding the presentation of those arguments that Jane, Katherine and their counsel now assert convince us they are objectively frivolous and an obvious and improper attempt to avoid the impact of our orders in appeal No. D061206.

As we have noted, this is the second time Jane and Katherine have attempted to present the meritless arguments they now assert: they lost their ability to present them in appeal No. D061206 by failing to present a timely brief in that case. Having lost the opportunity to present their meritless arguments in the only appeal in which those arguments could be validly tendered, their *reassertion* of them here meets the high threshold of objective frivolousness. We are simply not prepared to accept the notion that a reasonable attorney, having been denied the right to file an untimely brief in one appeal, would conclude that she was free to reassert the rejected arguments in a second later appeal in which consideration of those issues was barred both by her failure to

15

present an adequate record and well-established principles of appellate review.

We also find evidence of subjective bad faith here as well. Although Jane and Katherine appealed from the April 25, 2012 orders preventing Jane from representing herself as trustee of the trust and confirming Trumble's control over the beach house and the May 10, 2012 order setting aside the quitclaim deed recorded by Katherine, their briefs only argue issues related to the unappealable and unreviewable order denying their motions for a new trial. The conduct that gave rise to the April 25 and May 10 orders itself supports an inference of obstruction and delay on Jane's and Katherine's parts; the fact that they appealed from those orders, but in the end chose not to raise any arguments with respect to them, strongly suggests that they appealed from the orders solely as a means of prolonging these proceedings.

Our review of the record in appeal No. D061206 also supports a finding of subjective bad faith. In reviewing D061206, we have been mindful that there is a strong public policy favoring resolution of cases before us on the merits. (See *Norco Delivery Service, Inc. v. Owens-Corning Fiberglas, Inc.* (1998) 64 Cal.App.4th 955, 960; *Holden v. California Emp. etc. Com.* (1950) 101 Cal.App.2d 427, 430; cf. *Bodin v. Webb* (1936) 17 Cal.App.2d 422, 425.) Nonetheless, our review of the record in No. D061206 shows we were compelled to take the drastic actions of dismissing Jane's and Katherine's appeals in D061206, as well as denying Jane's *second* motion to reinstate her appeal, without reaching the merits, only because the orderly administration of justice and fundamental fairness to respondents would not countenance Jane's, Katherine's and their

16

counsel's blithe and repeated disregard for the time limits imposed by the California Rules of Court. At this juncture, we cannot turn a blind eye to what appears to be an attempt to use this case as a means of avoiding the impact of our orders in appeal No. D061206 without tacitly encouraging the very dilatory and abusive behavior we were unable to accept in that case. Thus, this is an instance in which sanctions are needed to deter future misconduct.

The attorney fees incurred by respondents, the impact of the unnecessary delay of these estate and probate proceedings on the parties, and the need to deter future misconduct all support imposition of substantial sanctions. Accordingly, we impose on Jane and Katherine jointly and severally as sanctions the $10,725 in attorney fees incurred by respondents, the Brothers, and the $8,760 in attorney fees incurred by respondent Trumble; we also impose on their counsel as further sanctions payable to the clerk of the court the estimated $8,500 cost of processing this appeal. (See *In re Marriage of Gong & Kwong* (2008) 163 Cal.App.4th 510, 520.)

## DISPOSITION

The appeal from the order denying Jane's and Katherine's motions for a new trial is dismissed; the remaining orders that are the subject of this appeal are affirmed. As sanctions for a frivolous appeal, Jane and Katherine shall, as joint and several obligations, pay the Brothers $10,725 and Trumble $8,760. As sanctions for a frivolous appeal, Jane and Katherine's counsel, Michaela Curran, shall pay the clerk of this court $8,500 within

17

15 days after the date the remittitur is filed.  The clerk of this court is directed to deposit said sum in the general fund.

BENKE, Acting P. J.

WE CONCUR:

HUFFMAN, J.

HALLER, J.

18